## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD CURE and JEFFREY COOPER, *individually, and as representatives of a Class of Participants and Beneficiaries of the FM Global 401(k) Savings Plan*, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | )   No. 1:23-cv-12399-JEK |
| FACTORY MUTUAL INSURANCE COMPANY, BOARD OF DIRECTORS OF FACTORY MUTUAL INSURANCE COMPANY, and FACTORY MUTUAL INSURANCE COMPANY RETIREMENT COMMITTEE, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**KOBICK, J.**

Plaintiffs Edward Cure and Jeffrey Cooper brought this putative class action alleging that defendants Factory Mutual Insurance Company ("FM Global"), its Board of Directors, and its Retirement Committee breached certain fiduciary duties owed to the FM Global 401(k) Savings Plan (the "Plan") under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et. seq*. They claim that the Retirement Committee improperly permitted the Plan to pay excessive recordkeeping and administrative fees and imprudently selected and retained underperforming investments, and that FM Global and its Board of Directors failed to adequately monitor that Committee. Following limited discovery, the parties engaged in private mediation and agreed upon settlement terms. Pending before the Court is the plaintiffs' unopposed motion

for preliminary approval of a class action settlement. For the reasons that follow, the motion will be granted.

## BACKGROUND

The plaintiffs initiated this ERISA action in October 2023. ECF 1. The second amended class action complaint, filed in February 2024, asserts four ERISA claims: two claims against the Retirement Committee under 29 U.S.C. §§ 1109(a) and 1132(a)(2) for breach of the duty of prudence concerning total recordkeeping and administrative fees (Count I) and underperforming investments (Count II); and two claims against FM Global and its Board, likewise under 29 U.S.C. §§ 1109(a) and 1132(a)(2), for failure to adequately monitor the Retirement Committee's decisions regarding those fees (Count III) and investments (Count IV). ECF 21, ¶¶ 205-43. In January 2025, the Court dismissed Counts II and IV with respect to the plaintiffs' claims about the American Funds Europacific Growth Fund R6, but not as to the active suite of Fidelity Freedom Funds, and it otherwise denied the defendants' motion to dismiss. ECF 41. In April and June of 2025, after commencing discovery, the parties moved for, and the Court granted, a stay of this case pending private mediation and settlement discussions. ECF 50 through 53; *see* ECF 57, at 9. Following successful negotiations in July 2025, the parties drafted a proposed settlement agreement in August 2025. ECF 54; ECF 58-1.

## DISCUSSION

### I.    Preliminary Class Certification.

To obtain class certification, the plaintiffs must establish the four threshold elements of Federal Rule of Civil Procedure 23(a): numerosity, commonality, typicality, and adequacy of representation. *Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 38 (1st Cir. 2003). They must also demonstrate, as relevant here, Rule 23(b)(1)'s additional prerequisite that "prosecuting

separate actions by or against individual class members would create a risk of . . . adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1)(B).

For purposes of settlement, the plaintiffs have sufficiently satisfied the requirements of Rules 23(a) and 23(b)(1)(B) to certify, as agreed by the parties, a class comprising "all persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a [Qualified Domestic Relations Order] who participated in the Plan at any time during the Class Period." ECF 58-1, at 7, § 1.47. The proposed class excludes the defendants and their beneficiaries. *Id.* The "Class Period" is defined as "the period from October 17, 2017 through the date the Preliminary Approval Order is entered by the Court." *Id.* at 3, § 1.13.

The plaintiffs have established that preliminary class certification is warranted. First, "the class is so numerous that joinder of all members is impracticable," Fed. R. Civ. P. 23(a)(1), because it consists of approximately 6,000 participants, ECF 58, ¶ 3. *See García-Rubiera v. Calderón*, 570 F.3d 443, 460 (1st Cir. 2009) (identifying "the low threshold for numerosity" as more than forty members (citing *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001)).

Second, "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "A question is common if it is 'capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Parent/Pro. Advoc. League v. City of Springfield, Massachusetts*, 934 F.3d 13, 28 (1st Cir. 2019) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). The commonality requirement is met here because questions of law or fact exist that are common to

3

the plaintiffs and the proposed class, "including whether defendants were fiduciaries; whether defendants breached their duties to the Plan . . . ; and whether the Plan suffered losses as a result of defendants' breaches." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 597 (3d Cir. 2009); *see* ECF 21, ¶ 196 (listing additional common questions at issue); ECF 57, at 15 (similar).

Third, "the claims or defenses of the representative parties are typical of the claims or defenses of the class," Fed. R. Civ. P. 23(a)(3), because the plaintiffs' claims concerning the defendants' management and administration of the Plan "'aris[e] from the same event or practice or course of conduct that gives rise to the claims of other class members, and . . . are based on the same legal theory.'" *García-Rubiera*, 570 F.3d at 460 (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)); *see Hochstadt v. Bos. Sci. Corp.*, 708 F. Supp. 2d 95, 103 (D. Mass. 2010) (finding typicality where plaintiff's ERISA claims were "based on the same basic legal theory as the claims of all other class members"); *Monteiro v. Children's Hosp. Corp.*, No. 22-cv-10069-JEK, 2025 WL 1367413, at *2 (D. Mass. May 12, 2025) (same).

Fourth, "the representative parties will fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), because the plaintiffs' interests "will not conflict with the interests of any of the class members" and their chosen counsel are "qualified, experienced and able to vigorously conduct the proposed litigation," *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). The plaintiffs are pursuing claims on behalf of the Plan and thus share the same interests as the class members in establishing that the defendants are liable for breaching their fiduciary duties under the Plan and recovering damages for those breaches. *See* ECF 59, ¶¶ 2-4; ECF 60, ¶¶ 2-4. And given their extensive experience litigating ERISA cases, the plaintiffs' attorneys are able to "properly and vigorously" represent the class. *Andrews*, 780 F.2d at 130; *see* ECF 58, ¶¶ 14-31.

Finally, separate lawsuits by "individual members of the class would have the practical if not technical effect of concluding the interests of the other members as well, or of impairing the ability of the others to protect their own interests." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833 (1999) (quotation marks omitted). "Classic" actions under Rule 23(b)(1)(B) include cases like this one "charging 'a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class' of beneficiaries." *Id.* at 833-34 (quoting Fed. R. Civ. P. 23 1996 Advisory Comm. Notes). The plaintiffs allege that the defendants breached their fiduciary duties and affected a class of roughly 6,000 beneficiaries. Rule 23(b)(1)(B) is, accordingly, satisfied. *See Bowers v. Russell*, 766 F. Supp. 3d 136, 152 (D. Mass. 2025) (Rule 23(b)(1)(B) met where defendants allegedly "breached their fiduciary duties and affected a class of 394 beneficiaries"); *Monteiro*, 2025 WL 1367413, at *2 (same for over 20,000 beneficiaries).

## II. <u>Preliminary Approval of Settlement.</u>

Federal Rule of Civil Procedure 23(e) permits courts to "approve a class-action settlement only if that settlement is 'fair, reasonable, and adequate.'" *Cohen v. Brown Univ.*, 16 F.4th 935, 943 (1st Cir. 2021) (quoting Fed. R. Civ. P. 23(e)(2)). While "approval or rejection of a class-action settlement is entrusted to the district court's informed discretion," *id.* at 944, courts must evaluate certain "procedural" and "substantive" factors, *Murray v. Grocery Delivery E-Servs. USA Inc.*, 55 F.4th 340, 345 (1st Cir. 2022). The procedural factors include whether "the class representatives and class counsel have adequately represented the class" and "the proposal was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(A)-(B). The substantive factors include whether "the relief provided for the class is adequate" and "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(C)-(D).

The parties' settlement agreement is preliminarily approved pursuant to Rule 23(e) because all four factors are met. First, the plaintiffs and their counsel have adequately represented the class. Fed. R. Civ. P. 23(e)(2)(A). The "adequate representation inquiry serves to uncover conflicts of interest between named parties and the class they seek to represent." *Murray*, 55 F.4th at 345 (quotation marks omitted). As explained, the plaintiffs' interests do not conflict with those of the class because they, like other Plan participants, seek relief from the defendants' allegedly imprudent conduct in managing and administering the Plan. Their counsel have likewise represented the class "competently and vigorously and without conflicts of interest." *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 36 n.12 (1st Cir. 2009). Given "the nature and amount of discovery" conducted, counsel appear to have "an adequate information base" to justify settling. Fed. R. Civ. P. 23(e)(2)(A)-(B) 2018 Comm. Notes. Indeed, counsel—who have extensive experience litigating ERISA disputes—"conducted a thorough investigation of the claims" to prepare "a detailed, 52-page Second Amended Complaint" and engaged in some discovery before deciding to settle. ECF 58, ¶ 10; *see id.* ¶¶ 14-31; ECF 57, at 9.

Second, the parties negotiated the proposed settlement at arm's length. Fed. R. Civ. P. 23(e)(2)(B). This factor considers whether settlement negotiations "were conducted in a manner that would protect and further the class interests." Fed. R. Civ. P. 23(e)(2)(A)-(B) 2018 Comm. Notes. The record reflects that, over the course of this litigation, the parties negotiated extensively and had commenced discovery before participating in a private mediation and agreeing to settle. ECF 58, ¶ 13; ECF 57, at 9. The proposed settlement is, therefore, the product of arm's length negotiations without any collusion between the parties. *See Nat'l Ass'n of Deaf v. Mass. Inst. of Tech.*, No. 15-cv-30024-KAR, 2020 WL 1495903, at *4 (D. Mass. Mar. 27, 2020); *Monteiro*, 2025 WL 1367413, at *3. And because "the parties negotiated at arm's length and conducted sufficient

discovery, the district court must presume the settlement is reasonable." *In re Pharm. Indus.*, 588 F.3d at 32-33.

Third, the proposed settlement provides adequate relief to the class, especially when compared to the costs, risks, and delays associated with continued litigation. Fed. R. Civ. P. 23(e)(2)(C). Rule 23 requires "balancing the advantages and disadvantages of the proposed settlement as against the consequences of going to trial or other possible but perhaps unattainable variations on the proffered settlement." *Nat'l Ass'n of Chain Drug Stores v. New Eng. Carpenters Health Benefits Fund*, 582 F.3d 30, 44 (1st Cir. 2009). The proposed settlement of $750,000 represents 37.5% of the $2 million demanded for the claims concerning recordkeeping and administrative fees. ECF 58, ¶ 4. This constitutes a reasonable amount, even though the parties did not assign value to the Fidelity Freedom Funds claims. *Id.* ¶ 5; *see New England Biolabs, Inc. v. Miller*, No. 20-cv-11234-RGS, 2022 WL 20583575, at *3 (D. Mass. Oct. 26, 2022) (preliminarily approving ERISA class settlement that represented 48.98% of maximum possible recovery and collecting similar cases approving 40% and 27% of such recovery). Given the uncertainties of trial and the costs of litigation, the Court agrees with the parties that the proposed settlement of $750,000 is reasonable. ECF 58, ¶¶ 4, 9; ECF 57, at 10; ECF 58-1, at 4, § 1.28.

Fourth, the proposed settlement treats class members equitably. Fed. R. Civ. P. 23(e)(2)(D). "Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims." Fed. R. Civ. P. 23(e)(2)(C)-(D) 2018 Comm. Notes. Under this agreement, each class member's allocation will be proportionate to their investment in the Plan. ECF 58-1, Ex. B, at 1-2, § 1.5; *see* ECF 58-1, at 15, § 5.3; ECF 58, ¶ 7. Since "this allocation of settlement dollars approximates the proportion of damages suffered by each" member, the agreement appropriately treats all class members equitably. *Mongue v.*

*Wheatleigh Corp.*, No. 18-cv-30095-KAR, 2023 WL 5435918, at *9 (D. Mass. Aug. 23, 2023);

*accord Monteiro*, 2025 WL 1367413, at *4.

## III.     Approval of Settlement Notice.

Federal Rule of Civil Procedure 23(e) requires that notice be provided "in a reasonable

manner to all class members who would be bound by the [settlement] proposal." Fed. R. Civ. P.

23(e)(1)(B). The notice requirement "is rooted in due process" and designed "'to ensure that the

plaintiff class receives notice of the action well before the merits of the case are adjudicated.'"

*Brown v. Colegio de Abogados de Puerto Rico*, 613 F.3d 44, 51 (1st Cir. 2010) (citation omitted).

The parties' proposed notice and plan for issuing such notice satisfy the requirements of

Rule 23 and due process. The notice properly provides information about, among other items, the

claims in this action; the settlement agreement; class members' rights to participate in, or object

to, the settlement; the maximum attorney's fees that will be sought; and the timing of the final

approval hearing. *See* ECF 58-1, Ex. A. The settlement agreement also calls for delivery of the

notice by email or first-class U.S. mail to class members' last known addresses. ECF 58-1, at 9-

10, §§ 2.2.4, 2.4; ECF 57, at 12-13; *see Loestrin 24 Fe Antitrust Litig.*, No. 13-MD-2472-S-PAS,

2020 WL 5203323, at *2 (D.R.I. Sept. 1, 2020) (permitting notice by first class mail and email);

*Monteiro*, 2025 WL 1367413, at *4 (same); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173

(1974) ("Individual notice must be sent to all class members whose names and addresses may be

ascertained through reasonable effort.").

## IV.     Appointment of Class Counsel, Class Representatives, and Settlement Administrator.

Federal Rule of Civil Procedure 23(g) "requires district courts to appoint class counsel and

governs how courts should choose counsel." *In re Pharm. Indus.*, 588 F.3d at 41. It states that

courts "must consider (i) the work counsel has done in identifying or investigating potential claims

in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Rule 23(g) also provides that "counsel must fairly and adequately represent the interests of the class," and that courts may appoint such counsel "only if the applicant is adequate under Rule 23(g)(1) and (4)." Fed. R. Civ. P. 23(g)(2), (4). Walcheske & Luzi, LLC and Jonathan Feigenbaum are appointed as interim class counsel because, as discussed, they are experienced and have adequately and fairly represented the class. *See* ECF 58, ¶¶ 14-31. They are thus responsible for ensuring, among other things, that the plan of allocation is followed and the settlement funds are properly disbursed. *See* ECF 58-1, at 12-15, §§ 3.1.10, 4.7, 5.1-5.3.

In addition, the plaintiffs are appointed as class representatives because they too have fairly and adequately represented the interests of the proposed class. *See* Fed. R. Civ. P. 23(a)(4), (e)(2)(A). The parties also "wish to . . . use . . . [a] professional claims administrato[r]," Analytics Consulting, LLC. Fed. R. Civ. P. 23(c)(2) 2018 Comm. Notes; *see* ECF 58, ¶ 32; ECF 58-1, at 7, § 1.44; ECF 58-3. Analytics Consulting is, therefore, appointed as settlement administrator to carry out the notice plan and administer the settlement process. *See* ECF 58-1, at 10, 12-16, 21, 23, §§ 2.3-2.4, 4-6, 13.2, 14.7; ECF 58, ¶ 8.

## V.    **Scheduling of Final Approval Hearing.**

Federal Rule of Civil Procedure 23(e) states, in relevant part, that courts may approve a settlement proposal "only after a hearing." Fed. R. Civ. P. 23(e)(2). A final approval hearing will, accordingly, be held on March 12, 2026 at 3:00 p.m. Eastern Time in Courtroom 3 of the John Joseph Moakley Courthouse located at 1 Courthouse Way in Boston, Massachusetts.

## CONCLUSION AND ORDER

For the foregoing reasons, the plaintiffs' unopposed motion for preliminary approval of a class action settlement, ECF 56, is GRANTED. The Court will issue a separate order generally adopting the plaintiffs' proposed order, which summarizes these findings, authorizes dissemination of the class notice, and details the schedule moving forward, including for the final approval hearing.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
Dated: October 10, 2025                    UNITED STATES DISTRICT JUDGE